# IN THE UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| DAHUA TECHNOLOGY USA INC. and HIKVISION USA, INC., *Petitioners,* v. FEDERAL COMMUNICATIONS COMMISSION and UNITED STATES OF AMERICA, *Respondents.* | Case No. 23-1032 (consolidated with 23-1073) |

## RESPONSE OF ZHEJIANG DAHUA TECHNOLOGY CO., LTD. TO MOTION TO ENFORCE THE MANDATE AND MOTION FOR AFFIRMATIVE RELIEF

Zhejiang Dahua Technology Co., Ltd. ("Dahua Technology"), pursuant to Federal Rule of Appellate Procedure 27(a)(3), submits this Response to the Motion to Enforce the Mandate filed by Hikvision USA, Inc. ("Hikvision") on January 16, 2025, and moves for affirmative relief to the extent the Court grants Hikvision's motion.

Dahua Technology's former indirect, wholly owned subsidiary Dahua Technology USA, Inc. ("Dahua USA"),[1] along with Hikvision, filed separate petitions for review of the *Order* of the Federal Communications Commission ("Commission") that prohibits the authorization of certain telecommunications and video surveillance equipment, including equipment produced by Dahua Technology or its branches, subsidiaries, and affiliates. Petitioners' separate petitions were consolidated before this Court, and this Court vacated the *Order* in part on April 2, 2024.

Hikvision correctly notes that the Commission has ignored this Court's decision rejecting a categorical ban on authorization for all telecommunications and video surveillance equipment produced by the Petitioners. Despite this Court's remand to the Commission to comport its rules with the statutory text, the Commission has taken no action whatsoever to develop a lawful definition of "critical infrastructure" as directed. Additionally, the Commission has neither approved, rejected, nor provided any indication regarding the status of the compliance plans submitted by Petitioners or their affiliates. Due to the Commission's inaction, Petitioners are unable to obtain the necessary authorization for any of their equipment, regardless of whether it falls under the category of telecommunications and video surveillance equipment.

---

[1] On February 7, 2025, Dahua USA filed a motion for substitution of party as a result of Dahua Technology's sale of all of its ownership interests in Dahua USA to a third party.

2

Given the Commission's failure to act in response to this Court's mandate, Dahua Technology respectfully submits that the Commission should be directed to take immediate action to resolve this matter in a manner consistent with the Court's decision.

Moreover, each Petitioner faces the same damaging consequences brought up by the categorical ban and inaction of the Commission, as both Petitioners remain equally subject to the same restrictions on authorization for telecommunications and video surveillance equipment they produce or provide. Accordingly, to the extent this Court grants Hikvision's Motion, Dahua Technology respectfully requests that any such relief apply equally and concurrently to both Petitioners.

Dated: February 10, 2025

Respectfully submitted,

*/s/ Russell M. Blau*
Andrew D. Lipman
Russell M. Blau
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Ave NW
Washington, DC 20004
(202) 739-3000
andrew.lipman@morganlewis.com
russell.blau@morganlewis.com

*Counsel to Zhejiang Dahua Technology Co., Ltd.*

# **CERTIFICATE OF COMPLIANCE WITH THE TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

The undersigned certifies that the foregoing Response complies with the type-volume limit of Fed. R. App. P. 27(d) and the word limit of Fed. R. App. P. 5(c) and 27(d) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), the Response contains 373 words. The Response complies with the typeface requirements of Fed. R. App. P. 27(d) and 32(a)(5) and the type-style requirements of Fed. R. App. P. 27(d) and 32(a)(6) because the Response has been prepared in a proportionally spaced typeface using Microsoft Word in size 14 Times New Roman font.

Dated: February 10, 2025          Respectfully submitted,

*/s/ Russell M. Blau*
Russell M. Blau
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 373-6035
russell.blau@morganlewis.com

*Counsel to Zhejiang Dahua Technology Co., Ltd.*

# **CERTIFICATE OF SERVICE**

I hereby certify that on this February 10, 2025, I electronically filed the foregoing Response with the Clerk of the Court for the U.S. Court of Appeals for the District of Columbia Circuit via CM/ECF, which will send a notice of electronic filing to all counsel of record. All parties represented by counsel are registered with CM/ECF.

*/s/ Russell M. Blau*
Russell M. Blau
